FILED
JAN 27 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MARGARET JEANNE TAYLOR-VICK | § | MO-10-CV 008 |
| Complainant, | § | NO: |
| v. | § | |
| CITY OF MIDLAND, TEXAS, JESUS REBLEDO, GUADALUPE BRETADO, TERESA J. CLINGMAN, DISTRICT ATTORNEY, RALPH PETTY, ASSISTANT DISTRICT ATTORNEY, AARON DORFNER, AND TERRY RHOADS | § | |
| Defendants | § | |

## COMPLAINT

COMES NOW, MARGARET JEANNE TAYLOR-VICK, by and through her attorney, Gerald K. Fugit, and complaining of the following individuals and/or entities: CITY OF MIDLAND, TEXAS, JESUS REBLEDO, GUADALUPE BRETADO, TERESA J. CLINGMAN, DISTRICT ATTORNEY, RALPH PETTY, ASSISTANT DISTRICT ATTORNEY, AARON DORFNER, AND TERRY RHOADS.

### Parties

1.   The following are a list of the Defendants individuals involved herein. Service may be had upon each as listed.

  a.   CITY OF MIDLAND, TEXAS: 300 N. Loraine, Midland, Texas 79701

    b.    JESUS REBLEDO:   c/o Midland Police Department, 601 N. Loraine Street, Midland, Texas 79701

    c.    GUADALUPE BRETADO:  c/o Midland Police Department, 601 N. Loraine Street, Midland, Texas 79701

    d.    TERESA J. CLINGMAN, DISTRICT ATTORNEY: 200 West Wall, Midland, Texas 79701

    e.    RALPH PETTY, ASSISTANT DISTRICT ATTORNEY: 200 West Wall Street, Suite 007, Midland, Texas 79701

    f.    AARON DORFNER:  500 West Illinois Avenue, Suite 300, Midland, Texas 79701

    g.    TERRY RHOADS:   500 West Illinois Avenue, Suite 300, Midland, Texas 79701

### Jurisdiction/Venue

2.    Complainant states to the Court there has been a violation of her Civil Rights and also there has been a violation of 28 U.S.C 2255, the Fourteenth Amendment to the Constitution of the United States.

3.    Plaintiff requests an Evidentiary Hearing in this Court.

### Facts

4.    There are attached hereto and apart hereof for all purposes "Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15". These will be referred to in this Complaint.

5. MARGARET JEANNE TAYLOR-VICK, Complainant, is a female, citizen of the United States and is of the age of fifty one (51). Unfortunately, the Complainant has had multiple sclerosis since being diagnosed with the disease in 2001. The disease impairment and disability have become progressively worse through the years. She is in a wheelchair much of the time now.

6. On June 25, 2007, MARGARET JEANNE TAYLOR-VICK was arrested in Midland, Midland County, Texas for being intoxicated while driving. She was on prescription drugs on that date. There was no alcohol or controlled substances involved.

7. MARGARET JEANNE TAYLOR-VICK was charged in Cause No. 118,240, *State of Texas vs. Margaret Jeanne Taylor-Vick in the Midland County Court#2.*

8. On May 15, 2008, she was tried before a jury and convicted of a DWI.

9. Supposedly, the District Attorney's Office of Midland, Midland County, Texas had a procedure they called an "Open Records File." The Defendant was permitted to look at such. In the open file was a video disc of the arrest. This video disc was later introduced at the trial

10. Unbeknownst to the Defendant/ her attorney, this disc of the stopping and arrest was imperfect and five (5) minutes had been deleted/cut out. This was never told to the Defendant and/or her attorney.

Subsequently, there it was told by AARON DORFNER of the law firm of Cotton, Bledsoe, Tighe & Dawson, P.C. that there was an audio disc. This happened in July of 2009. A Civil Rights case under the Americans With Disabilities Act(ADA) had been

3

filed in the Federal Court. This case now is on appeal for the Fifth Circuit. It is not known when the case and/or the decision will be made by the Fifth Circuit. It is assumed by the undersigned attorney, the case will be heard sometime mid summer or early fall of 2010.

11.   After discovering, the video disc was imperfect and there was reported to be an audio disc to Gerald K. Fugit. Then Gerald K. Fugit commenced to write to TERESA J. CLINGMAN, DISTRICT ATTORNEY, of Midland, Midland County, Texas.

12.   There is attached hereto and shown herein as **"Exhibit 1"**, was the commencement of a series of discussions, and/or telephone calls made by the undersigned attorney.

13.   There is attached hereto and made apart hereof for all purposes **"Exhibit 2 "**. This was a continuation of the discussion setting out some of the problems that existed. Under the paragraphs, there was the word "auto" inserted when it should have been "audio", this was a typographical error in the letter.

14.   Attached hereto is a letter dated October 9, 2009 and shown here as **"Exhibit 3"**. Here again was more communication.

15.   Attached hereto and made apart hereof for purposes is a letter dated November 9, 2009 shown herein as **"Exhibit 4"**. This merely recounts a previous one on one meeting held with the District Attorney's Office, in the Grand Jury room and those present were: TERESA J. CLINGMAN, RALPH PETTY, Gerald K. Fugit, and MARGARET JEANNE TAYLOR-VICK.

16. There is attached hereto and made apart hereof for all purposes **"Exhibit 5"** which was addressed to TERESA J. CLINGMAN. These are the facts of which we discussed.

17. Attached hereto and made apart hereof for all purposes **"Exhibit 6"** which is a letter from TERESA J. CLINGMAN, DISTRICT ATTORNEY. There had been a problem about the returning of telephone calls.

18. There is attached hereto and made apart hereof for all purposes **"Exhibit 7"** which Includes pages 1 through 16. The writing in the upper right hand corner indicates my notes on this matter.

19. We are of the opinion; based on Complainant's information this report dated November 4, 2009 was in fact, an attempt to cleanse and/or purge any action they had taken. It hardly discussed at any length at all <u>**Brady vs. Maryland**</u> 373 U.S. 83, S. CT. 1194, 10L. ED. 2nd. 215 1963. <u>**Brady vs. Maryland**</u> is "The Granddaddy" of the cases regard to exculpatory evidence and the prosecutor submitting any and all evidence to the Defendant.

20. There is attached hereto and made apart hereof for all purposes **"Exhibit 8"** The Order Directing the Clerk of the Court to Provide the State with True and Correct Copies of CD Video, States Exhibit 15 and to Preserve the Integrity of the Exhibit. The evidence had already been destroyed by the city and thus this Order is hardly worth anything.

21. There is attached hereto and made apart hereof **"Exhibit 9"** a certain Order signed by Robert Junell in regard to a case <u>**United States of America vs. Yolanda Jean Madden**</u>, MO:05-CR-00134(1) RAJ in the United States District Court. That case had nothing to do

with the present set of facts except that this Court has already ruled upon certain factual matters if they are not given to the Defendant then this violates **_Brady vs. Maryland_**. The opinion of the attorney who files this Complaint believes the **_Madden_** case was not as strong as the violation in the present case before this Court.  Both are violations of **_Brady vs. Maryland_**.

22.   In the present case, Defendant, police suppressed evidence and/or destroyed evidence.  The District Attorney's office either knew or should have known there was an audio/video (in part missing).

23.   The evidence would have been favorable to the defense in the County Court at Law case and/or could have been used as evidence for impeachment.  The evidence was material.  The Defendant, MARGARET JEANNE TAYLOR-VICK asked for an attorney.  Her medicine was taken from her.  The evidence could have been used for impeachment.  There was a period of time where MARGARET JEANNE TAYLOR-VICK discussed various matters which were not in the video disc.  Gerald K. Fugit, the Defense attorney, was never told this before the criminal case or after the criminal case was tried.  It was at the scene when the officer stopped the Defendant.  During the course of the trial evidently, Officer JESUS REBLEDO, had a total lapse of memory.  This was a violation of **_Brady vs. Maryland_** as a result which caused a conviction of a woman who was physically ill.  The officer(s) could have been impeached from several aspects.

24.   There is attached hereto and made apart hereof for all purposes shown as

"**Exhibit 12**" the verdict in Cause no. CR-118,240, *State of Texas vs. Margaret Jeanne Taylor-Vick.*

25.   There is attached hereto and made apart hereof for all purposes and shown here in as "**Exhibit 10**" the video disc which can be shown now by an expert having been altered. In fact, RALPH PETTY acknowledged this to Gerald K. Fugit, personally/orally.

26.   There is attached hereto and made apart hereof a certain audio disc, shown as "**Exhibit 11.**" This disc obviously could have been used and a part of the evidence. The Defendant did not even know of this audio disc until July 10, 2009. All Discovery in the cause in the Civil Rights case which is before the Fifth Circuit Court of Appeals had been closed on July 3, 2009.

25.   There is attached hereto and made apart hereof for all purposes, shown as "**Exhibit 14**" the Discharge of the Defendant from County Supervision.

26.   There is attached hereto and made apart hereof for all purposes, shown as "**Exhibit 15**", of one (1) of six (6) pages when Magistrate Judge Timothy J. Bommer who told the Cotton, Bledsoe, Thighe & Dawson firm, mainly TERRY RHOADS, that they were to deliver, notify any of the holding of evidence and there was a discussion about spoilation, although it is not in the order signed by Magistrate Judge Timothy J. Bommer. On information and belief, it is believed RALPH PETTY, AARON DORFNER, and TERRY RHOADS, knew and/or should have known the video disc had been erased and/or redone and/or tampered with. On information and belief, it is believed that RALPH PETTY, AARON DORFNER and TERRY RHOADS and certain individuals with the police

department of the CITY OF MIDLAND knew of these events.

27. There has been an obstruction of justice.

## Damages

28. Complainant requests as follows:

    a. The trial and conviction be expunged from the record, not only in Midland, Midland County, Texas but also any state records, more especially, but not limited to Department of Public Safety and/or

    b. In the alternative, if this Court feels the criminal trial should be set aside that it be reset according a set date and/or

    c. That there be money damages awarded for items that have been spent in this matter and such monies be returned by Midland, Midland County, Texas to Complainant and/or

    d. Money damages over one hundred thousand dollars ($100,000.00) be assessed against the Defendants, jointly and severely;

    e. Attorney's fees;

    f. Cost of Court

29. All claims and causes of action are brought by the undersigned attorney with the intention to assert such with good reason and/or good cause. In the event such claims/causes of action are in conflict with the present laws of the State of Texas or the United States of America, even these claims/causes of action are not brought to harass or in

a frivolous manner.  The claims/causes of action and/or other legal contentions herein are warranted by existing law  and/or by non-frivolous argument of the extension, modification and/or reversal of existing law and/or the establishment of new law.

30.    PRAYER:    As stated above.

*[signature]*
GERALD K. FUGIT
fugitg@att.net
LAW OFFICE OF GERALD K. FUGIT, P.C.
412 N. Texas Avenue
Odessa, Texas  79761
(432) 332-1661 Phone
(432) 335-0003 Fax
State Bar No. 0751000