IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

FILED

MAR 11 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

| | |
|---|---|
| MARGARET JEANNE TAYLOR-VICK, § § | |
| Plaintiff, § § | |
| v. § § | NO. MO-10-CA-8-H |
| CITY OF MIDLAND, TEXAS, § JESUS ROBLEDO, GUADALUPE § BRETADO, TERESA J. CLINGMAN, § DISTRICT ATTORNEY, RALPH § PETTY, ASSISTANT DISTRICT § ATTORNEY, AARON DORFNER, § and TERRY RHOADS, § § | |
| Defendants. § | |

## ORDER OF DISMISSAL

This is a civil action for damages and other relief under 42 U.S.C. § 1983. In her amended complaint, Plaintiff Margaret Jeanne Taylor-Vick alleges that the Defendants violated her right to due process of law under the Fourteenth Amendment to the Constitution of the United States by withholding exculpatory evidence which should have been produced under the requirements of **Brady v. Maryland**.[1] She names as Defendants the City of Midland; two of its police officers (Robledo and Bretado); the District Attorney of Midland County (Clingman); an Assistant District Attorney (Petty); and two attorneys in private practice (Dorfner and Rhoads). All

---

[1] 373 U.S. 83 (1963).

1

Defendants have filed motions to dismiss the complaint.

On June 25, 2007, Ms. Taylor-Vick was arrested by two Midland police officers, Jesus Robledo and Guadalupe Bretado, and charged with driving while intoxicated. She entered a plea of not guilty and went to trial. The trial commenced on May 13, 2008 in the County Court at Law No. 2 of Midland County, Texas. Defendant Ralph Petty was the prosecuting attorney, and Gerald Fugit, the lawyer who filed the present lawsuit, was her defense attorney. On May 15, 2008, the jury returned a verdict of guilty. The Judge of the County Court at Law subsequently entered a judgment on that verdict, imposing a fine of $500.00 and suspending a sentence of imprisonment, placing Ms. Taylor-Vick on probation. No direct appeal was taken from the conviction or sentence.

Several months later, Ms. Taylor-Vick filed a civil action for damages, alleging that the arresting officers, Robledo and Bretado, used unreasonable and excessive force in effecting her arrest; intentionally inflicted emotional distress; and violated her rights under the Americans with Disabilities Act. That lawsuit[2] also named as Defendants the City and County of Midland; the Midland County Sheriff; and the Midland County Judge. On August 11, 2009, the Court entered judgment in favor of the Defendants. That judgment is now on appeal.

---

[2]**Taylor-Vick v. City of Midland, Texas, et al.**, Cause No. MO-08-CA-122 (2008).

2

The original complaint in the instant case was filed on January 27, 2010. On February 4, 2010, this Court entered an order requiring the Plaintiff to amend her pleadings to clarify the nature of her cause of action and the basis for federal jurisdiction over her claims. Her amended complaint was filed February 9, 2010, and the motions to dismiss by the various Defendants followed. The Court, having considered those motions and the Plaintiff's responses, finds that the motions to dismiss should be granted.

In her amended complaint, the Plaintiff asserts that she has been deprived of rights secured to her by the Fourteenth Amendment, and she cites 42 U.S.C. § 1983 as the jurisdictional basis for her claims for damages and other relief. Section 1983 does provide a cause of action for the deprivation under the color of law of a federally secured right. **Livadas v. Bradshaw**, 512 U.S. 107, 132 (1994). It is well settled that "under color of law" as used in section 1983 has the same meaning as the "state action" requirement of the Fourteenth Amendment. **United States v. Price**, 382 U.S. 787, 794 n.7 (1966). Neither the Fourteenth Amendment nor section 1983 applies to purely private conduct, however wrongful that conduct may be. **Jackson v. Metropolitan Edison Co.**, 419 U.S. 345, 350 (1974); **Moose Lodge No. 107 v. Irvis**, 407 U.S. 163, 173 (1972). When a plaintiff asserts a claim against a private defendant under section 1983, the plaintiff must allege facts that support a

3

finding that the private defendant was a state actor. **Lugar v. Edmondson Oil Co.,Inc.**, 457 U.S. 922, 928-32 (1982).

In the instant case, Defendants Dorfner and Rhoads are not state actors and are not amenable to suit under section 1983. Neither had any involvement in the Plaintiff's arrest, trial, or conviction. Instead, their law firm was employed in September 2009 to represent the City of Midland in the first civil suit filed by Ms. Taylor-Vick. They were private attorneys representing a client in a civil action, no more and no less. As such, they are entitled to the dismissal of all claims asserted against them under section 1983.

With the exception of Dorfner and Rhoads, the other Defendants named by the Plaintiff in this case are state actors. With respect to the claims asserted against them, however, the Plaintiff faces a completely different, but equally high, hurdle. The entire thrust of the claims asserted by the Plaintiff in this case is that she was deprived of due process of law in connection with her conviction for driving while intoxicated in the County Court at Law. However, that state conviction has not been reversed on appeal; it has not been expunged by executive order; and it has not been vacated, set aside, or even called into question by any post-conviction remedy, such as an application for a writ of habeas corpus. Such a showing is an absolute prerequisite for any suit for damages under section 1983. **Heck v. Humphrey**, 512 U.S. 477, 487-88

(1994). Therefore, the complaint must be dismissed without prejudice.[3]

It is therefore ORDERED that the motion of Defendants Aaron Dorfner and Terry Rhoads to dismiss the claims asserted against them in this case be, and it is hereby, GRANTED.

It is further ORDERED that the claims asserted by the Plaintiff against Defendants Dorfner and Rhoads be, and they are hereby, DISMISSED.

It is further ORDERED that the motions to dismiss of Defendants City of Midland, Texas, Jesus Robledo, Guadalupe Bretado, Teresa Clingman, and Ralph Petty be, and they are hereby, GRANTED.

It is further ORDERED that the claims asserted by the Plaintiff against Defendants City of Midland, Robledo, Bretado, Clingman, and Petty be, and they are hereby, DISMISSED WITHOUT PREJUDICE.

---

[3] In her prayer for relief, Plaintiff Taylor-Vick also requests this Court to set aside the verdict returned against her in state court and to expunge her conviction from the record (First Amended Original Complaint, p. 10). The Plaintiff does not enlighten the Court as to the jurisdictional basis for seeking those forms of relief.

It is further ORDERED that Plaintiff Margaret Jeanne Taylor-Vick pay the costs of suit herein incurred.

SIGNED AND ENTERED this \_\_\_9th\_\_\_ day of March, 2010.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE